Chase A. Adams (#15080)
ADAMS LAW PLLC
765 East 9000 South Suite A-1
Sandy, UT 84094
Telephone: 801-810-1815
Facsimile: 801-562-5599
Email: chase@adamslaw.legal

Attorneys for HLS of Nevada, LLC

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF UTAH NORTHERN DIVISION

| In Re:<br><br>**Belinda Sherri Alexander**<br><br>Debtors. | **Bankruptcy Case No. 18-26820**<br><br>**(Chapter 13)**<br><br>**Judge Anderson** |
|---|---|

**OBJECTION TO DEBTORS CHAPTER 13 PLAN FILED SEPTEMBER 12, 2018**

HLS of Nevada, LLC dba Nevada West Financial ("HLS"), by and through the undersigned counsel, Chase A. Adams of Adams Law PLLC., hereby objects to the Debtors Chapter 13 Plan dated August 19, 2018, upon the following grounds and for the following reasons:

1. HLS, is a perfected, secured creditor, having a lien on a 2005 Dodge Durango 1D4HB48D85F599782 ("Collateral"). Pursuant to a Retail Installment Contract and Security Agreement ("Note") between HLS and the Debtors dated February 10, 2014, a copy of the note and title are attached hereto and incorporated herein as Exhibit "A" and Exhibit "B" The outstanding obligation owed to HLS, Inc. is $3,828.47, together with interest at the contract rate of 24.00 % percent ("Contract Rate"), costs and attorney fees as provided for in the Note.

2. HLS intends to hold Debtor and Debtor's estate liable for this amount, together

1

with interest, costs and fees as per the contract, if applicable, and accordingly makes demand upon the Debtors' estate for $3,425.00, plus interest, costs and fees.

   3.  HLS does not accept Debtors' Chapter 13 Plan dated September 12, 2018.

   4.  Debtors' Chapter 13 Plan does not propose to surrender the Collateral.

   5.  The value of property to be distributed under debtor's proposed plan to HLS is less than the allowed amount of HLS's claim.

   6.  Debtors' claim the value of the Collateral to be $3,425.00

   7.  Debtors' Plan proposes to pay interest of 4.25 percent on the secured portion. HLS objects to this interest rate as the *Till* rate is 8.0 percent. Debtor's Plan should pay HLS its secured claim at the *Till* Rate of 8.0%.

   8.  To the extent Debtors allege the Collateral is damaged or in need of repair, HLS requests that the debtors produce a copy of any invoices, estimates of repair, accident or claims reports, or other documents evidencing the damage or repair.

WHEREFORE, HLS objects to Debtors' Plan, and requests that confirmation be denied unless the Debtors' pay $3,425.00 as the secured portion of HLS's claim, together with interest at the Contract Rate, costs and attorney fees as provided by contract and production of the requested documents and collateral as set forth herein.

DATED September 20, 2018.

              **ADAMS LAW PLLC**

              **s/ Chase A. Adams**
              **Attorney for HLS**

## CERTIFICATE OF SERVICE

I, Chase A. Adams, attorney for HLS, hereby certify that on September 20, 2018, I served a copy of the foregoing **OBJECTION TO DEBTORS CHAPTER 13 PLAN DATED September 12, 2018** upon the following by first class mail, postage prepaid; or by filing this pleading electronically as an ECF registered attorney of the United States District Court, I caused the same to be served via ECF.

    Lon A. Jenkins
    (VIA ECF)

    Matthew K Broadbent
    (VIA ECF)

    Belinda Sherri Alexander
    5561 South Willow Lane
    Unit D
    Salt Lake City, UT 84107

                                             *Is/* Chase A. Adams

# EXHIBIT A

# EXHIBIT A

**RETAIL INSTALLMENT SALE CONTRACT**
**SIMPLE FINANCE CHARGE**

Dealer Number _____   Contract Number _____

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| BELINDA ALEXANDER<br>1985 W. FLOISAND CIRCLE<br>SALT LAKE CITY UT 84116 | | KEN GARFF WEST VALLEY CJD - LOT 2<br>4175 WEST 3500 SOUTH<br>W VALLEY CITY UT 84120 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2005 | DODGE TRUCK DURANGO | 1D4HB48D85F599782 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural   ☐ _____ |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 2000.00 is |
|---|---|---|---|---|
| 24.00 % | $ 4840.04 | $ 7324.00 | $ 12164.04 | $ 14164.04 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 54 | 225.26 | Monthly beginning 04/16/2015 |
| Or As Follows: | | |
| N/A | | |
| N/A | | |

*This instrument is hypothecated to California Republic Bank as collateral for borrowing of H.S. of Nevada, LLC dba Nevada West Financial*

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of $ 30 or 5 % of the part of the payment that is late, whichever is greater.

**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:
**Optional Credit Insurance**
☐ Credit Life:   ☐ Buyer   ☐ Co-Buyer   ☐ Both
☐ Credit Disability:   ☐ Buyer   ☐ Co-Buyer   ☐ Both
Premium:
Credit Life $ _____ N/A _____
Credit Disability $ _____ N/A _____
Insurance Company Name _____
N/A _____
Home Office Address _____
N/A _____

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**ITEMIZATION OF AMOUNT FINANCED**
1. Cash Price (including $ 586.08 es tax) ................ $ 8843.08 (1)
2. Total Downpayment =
   Trade-In  N/A
   (Year) (Make) (Model)
   Gross Trade-In Allowance ........ $ N/A
   Less Pay Off Made By Seller ..... $ N/A
   Equals Net Trade In ............. $ N/A
   + Cash .......................... $ 2000.00
   + Other N/A ..................... $ N/A
   (If total downpayment is negative, enter "0" and see 4I below)
                                      $ 2000.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2) ........... $ 6843.08 (3)
4. Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):
   A Cost of Optional Credit Insurance
     Paid to Insurance Company or Companies.
     Life ............................ N/A
     Disability ...................... N/A ........ $ N/A
   B Vendor's Single Interest Insurance
     Paid to Insurance Company ............... $ N/A

**Other Optional Insurance**
☐ N/A _____  N/A
   Type of Insurance        Term
Premium: _____ N/A _____
Insurance Company Name
N/A
Home Office Address N/A
N/A
☐ N/A _____  N/A
   Type of Insurance        Term

| | | |
|---|---|---|
| Gross Trade-In Allowance | $ N/A | |
| Less Pay Off Made By Seller | $ N/A | |
| Equa's Net Trade In | $ N/A | |
| + Cash | $ 2000.00 | |
| + Other N/A | $ N/A | |
| (If total downpayment is negative, enter "0" and see 4I below) | $ 2000.00 | (2) |
| 3 Unpaid Balance of Cash Price (1 minus 2) | $ 6843.08 | (3) |

4 Other Charges Including Amounts Paid to Others on Your Behalf
(Seller may keep part of these amounts):

A Cost of Optional Credit Insurance
  Paid to Insurance Company or Companies.
  Life                                $ N/A
  Disability                          $ N/A            $ N/A
B Vendor's Single Interest Insurance
  Paid to Insurance Company                            $ N/A
C Other Optional Insurance Paid to Insurance Company or Companies   $ N/A
D Optional Gap Contract                                $ N/A
E Official Fees Paid to Government Agencies
  to N/A              for N/A                          $ N/A
  to N/A              for N/A                          $ N/A
  to STATE OF UT      for LICENSE/REGISTRA             $ 47.00
F Government Taxes Not Included in Cash Price          $ 50.00
G Government License and/or Registration Fees          $ 78.92
H Government Certificate of Title Fees                 $ 6.00
I Other Charges (Seller must identify who is paid and describe purpose)
  to N/A              for Prior Credit or Lease Balance  $ N/A
  to N/A              for                                $ N/A
  to N/A              for N/A                            $ N/A
  to DEALER           for DOC FEE                        $ 299.00
  to N/A              for N/A                            $ N/A
  to N/A              for N/A                            $ N/A
  to N/A              for N/A                            $ N/A
  to N/A              for N/A                            $ N/A
  to N/A              for N/A                            $ N/A
  to N/A              for N/A                            $ N/A

Total Other Charges and Amounts Paid to Others on Your Behalf   $ 480.92  (4)
5 Amount Financed (3 + 4)                                       $ 7324.00 (5)

OPTION: ☐ You pay no finance charge if the Amount Financed, Item 5, is paid in full on or before _____ N/A _____, Year N/A. SELLER'S INITIALS _____

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI Insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI Insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI Insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ N/A and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**Other Optional Insurance**

☐ N/A                                N/A
Type of Insurance                    Term

Premium: N/A

Insurance Company Name
N/A

Home Office Address N/A
N/A

☐ N/A                                N/A
Type of Insurance                    Term

Premium: N/A

Insurance Company Name
N/A

Home Office Address N/A
N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X _____
Buyer Signature          Date

X _____
Co-Buyer Signature       Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE.**

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____ N/A _____ Mos.
_____ N/A _____
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X _____ N/A _____

---

Returned Payment Charge: You agree to pay a charge of $ 20.00 if any check you give us or electronic payment you make is returned unpaid.

**NO COOLING OFF PERIOD**
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.   Buyer Signs X _____ Co-Buyer Signs X _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time

| | |
|---|---|
| OPTION: ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before _____N/A_____, Yea_N/A_. SELLER'S INITIALS _____ | on the terms and conditions it provides. It is a part of this contract.<br>Term _____N/A_____ Mos.<br>_____N/A_____<br>Name of Gap Contract<br>I want to buy a gap contract.<br>Buyer Signs X _____N/A_____ |

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ __N/A__ and is also shown in Item 4E of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

Returned Payment Charge: You agree to pay a charge of $ __20.00__ if any check you give us or electronic payment you make is returned unpaid.

**NO COOLING OFF PERIOD**
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.    Buyer Signs X _[signature]_ Co-Buyer Signs X _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read both sides of this contract, including the arbitration clause on the reverse side, before signing below. You confirm that you received a completely filled-in copy when you signed it.
Buyer Signs X _[signature]_ Date 03/02/15    Co-Buyer Signs X _____ Date _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____    Address _____
Seller signs _____ Date 03/02/15    By X _[signature]_    Title FINANCE

Seller assigns its interest in this contract to **NEVADA WEST FINANCIAL**    (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse    ☒ Assigned without recourse    ☐ Assigned with limited recourse
Seller **KEN GARFF WEST VALLEY CJD - LOT 2**    By _[signature]_    Title **FINANCE**

LAW® FORM NO. 553-UT-ARB 4/13  US PATENT NO 0453,782
©2013 The Reynolds and Reynolds Company  TO ORDER www.reysource.com, 1-800-344-0996, fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

**ORIGINAL LIENHOLDER**

## OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.
   e. **Right to Refinance a Balloon Payment.** A balloon payment is a scheduled payment which is more than twice as large as the average of your earlier scheduled payments. If you are purchasing the vehicle primarily for your personal, family, or household use, you may have the right to refinance the amount of a balloon payment when it is due. The terms of the refinancing will be no less favorable to you than those offered by us for the same type of credit at the time your request for refinancing is accepted.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
      You give us a security interest in:
      - The vehicle and all parts or goods put on it;
      - All money or goods received (proceeds) for the vehicle;
      - All insurance, maintenance, service, or other contracts we finance for you; and
      - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

      This secures payment of all you owe on this contract. It also secures your other agreements in this contract.

   c. **You may have to pay collection costs.** You pay any collection cost we incur as the law allows. If we hire an attorney to collect the amount you owe, you will pay the attorney's reasonable fee and court costs, as the law allows. If we hire a third party collection agency to collect the amount you owe, you will pay the lesser of:
      - The actual amount we are required to pay to the third party collection agency or a licensed attorney, regardless of whether that amount is a specific dollar amount or a percentage of the amount you owe to us; or
      - 40% of the amount you owe to us.
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.
   f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
      We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Reasonable attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.
   g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
   This provision does not affect any warranties covering the

involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

d. **Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge computed at the Annual Percentage Rate shown on the front of this contract. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund on insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
   - You do not pay any payment on time;
   - You give false, incomplete, or misleading information on a credit application;
   - You start a proceeding in bankruptcy or one is started against you or your property; or
   - You break any agreements in this contract.

   The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

   vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   **Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   **Spanish Translation:** Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **Servicing and Collection Contacts.**
   You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

7. **Applicable Law**
   Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

8. **Credit Report Notice**
   As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

9. **CLASS ACTION WAIVER**
   **YOU AGREE THAT YOU WAIVE YOUR RIGHT TO INITIATE OR PARTICIPATE IN A CLASS ACTION RELATED TO THIS CONTRACT.**

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY**

refund from what you owe. on the front of this contract apply to this contract.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
      - You do not pay any payment on time;
      - You give false, incomplete, or misleading information on a credit application;
      - You start a proceeding in bankruptcy or one is started against you or your property; or
      - You break any agreements in this contract.
      
      The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

8. **Credit Report Notice**
   As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

9. **CLASS ACTION WAIVER**
   YOU AGREE THAT YOU WAIVE YOUR RIGHT TO INITIATE OR PARTICIPATE IN A CLASS ACTION RELATED TO THIS CONTRACT.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

---

**ARBITRATION CLAUSE**

**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. Arbitration shall be conducted by the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization that you choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $2500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable. Notwithstanding any other provision of this Arbitration Clause, the validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.

Form No. 553-UT-ARB 4/13

# EXHIBIT B

# UTAH CERTIFICATE OF TITLE

## New Title



**Title Number:** UT001223000

Vehicle Type: PASSENGER   Year 2005   Make: DODG   Model: DURANGO   Body Style: UTILITY
VIN/HIN: 1D4HB48D85F599782   2nd VIN:   3rd VIN:
Cylinders: 8   Fuel: GASOLINE   Odometer: 0   Date Issued: 03/24/2015

NEVADA WEST FINANCIAL
PO BOX 94703
LAS VEGAS NV 89193-4703

**Owner Information:** BELINDA ALEXANDER
1985 W FLOISAND CIR
SALT LAKE CITY UT 84116-3759

**Lienholder Information:** NEVADA WEST FINANCIAL
PO BOX 94703
LAS VEGAS NV 89193-4703

VEHICLE IS EXEMPT FROM ODOMETER REQUIREMENTS

### Request For Lien Change
Complete this section. Send the title and required fee to the Division of Motor Vehicles. Please check one box.

☐ Issue a title free of liens       ☐ Issue a title showing the following as the NEW LIEN HOLDER

LIEN RELEASE - Signature of lien holder (releasing interest) | Vehicle owner's signature requesting lien change
X |
Title of signer | New lien holder's name
Date | Address
| City    State    ZIP Code

Division of Motor Vehicles
**UTAH STATE TAX COMMISSION**
210 North 1950 West
Salt Lake City, Utah 84134

 TC-127 Rev. 01/13 CDR



B 8548700

ANY ALTERATION OR ERASURE VOIDS THIS TITLE